UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

June 6, 2017

Ronal T. Nagle
52 South Street
Morristown, NJ 07960
*Attorney for Plaintiff*

Susan C. Cassell
419 Lucille Court
Ridgewood, NJU 07450
*Attorney for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

 Re: **Riachi v. The Prometheus Group**
    **Civil Action No. 17-00811 (SDW) (LDW)**

Counsel:

  Before this Court is the Motion to Dismiss of Defendant The Prometheus Group ("Defendant"), for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. No. 7.) On October 25, 2016, this Court issued an Opinion dismissing nearly identical claims Plaintiff Labib Riachi ("Plaintiff") brought against Defendant in another case. *See Riachi v. Prometheus Grp.*, No. 16-CV-2749-SDW-LDW, 2016 WL 6246766 (D.N.J. Oct. 25, 2016). As the parties are therefore familiar with the factual issues in this case, this Court will reference only those facts relevant to the current Motion.

  As in his previous Complaint, Plaintiff now contends that Defendant is liable under the following theories: breach of contract ("Count I"), breach of the implied covenant of good faith and fair dealing ("Count II"), violation of the New Jersey Consumer Fraud Act, N.J. Stat. Ann.

("N.J.S.A.") § 56:8-1, *et seq.* ("Count III"), common-law fraud ("Count IV"), negligent misrepresentation ("Count V"), negligence ("Count VI"), and unjust enrichment ("Count VII"). Defendant filed its Motion to Dismiss now before this Court on March 26, 2017. (Dkt. No. 7.) Plaintiff filed a brief in opposition to Defendant's Motion on May 15, 2017, (Dkt. No. 14), and Defendant filed its brief in reply on May 30, 2017.

For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part.

## DISCUSSION

A. Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.  If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2).  *Id.*

B. Count I- Breach of Contract

In Count I of the Complaint, Plaintiff alleges Defendant breached a contract, which "was renewed several times from 2005 to 2012," by improperly training and advising Plaintiff both as to the operation of the equipment Defendant sold Plaintiff and as to the proper billing procedures related to such equipment. (Compl. ¶¶ 26-31.)  In order to adequately state such a claim under New Jersey law, a plaintiff must allege: "(1) the existence of a valid contract between the parties; (2) failure of the defendant to perform its obligations under the contract; and (3) a causal relationship between the breach and the plaintiff's alleged damages."  *Sheet Metal Workers Int'l Ass'n Local Union No. 27, AFL-CIO v. E.P. Donnelly, Inc.*, 737 F.3d 879, 900 (3d Cir. 2013) (citing *Coyle v. Englander's,* 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985)).

In seeking dismissal of Count I, Defendant contends Plaintiff failed to sufficiently allege both that Defendant breached the terms of a contract, and also, that such breach caused Plaintiff to suffer damages.  However, this Court is satisfied that, although Plaintiff will eventually be required to prove each element of his breach of contract claim, at this point in the proceedings, he has provided sufficient factual matter to allege a plausible claim for breach of contract.  Moreover, although Defendant contends that Count I is untimely, the Complaint does not specify when Defendant last purportedly acted in violation of a contract between the parties.  Therefore, a
3

determination as to whether Count I is barred by the statute of limitations is premature at this time. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1385 n.1 (3d Cir. 1994) (explaining that a statute of limitations defense may only be raised in a motion to dismiss under Rule 12(b)(6) "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading"). Accordingly, Defendant's Motion to Dismiss is denied as to Count I.

    C. Count II- Breach of the Implied Covenant of Good Faith and Fair Dealing

"[E]very contract in New Jersey contains an implied covenant of good faith and fair dealing." *Sons of Thunder, Inc. v. Borden, Inc.*, 690 A.2d 575, 587 (N.J. 1997) (citations omitted). To sufficiently state a claim for breach of such an implied covenant, a plaintiff must allege a defendant, acting in bad faith or with a malicious motive, "engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Associates*, 864 A.2d 387, 396 (N.J. 2005) (quoting 23 Williston on Contracts § 63:22 (4th ed.)) (internal quotation marks omitted). Moreover, "[p]roof of 'bad motive or intention' is vital to an action for breach of the covenant." *Brunswick Hills Racquet Club*, 864 A.2d at 396 (quoting *Wilson v. Amerada Hess Corp.*, 773 A.2d 1121, 1130 (N.J. 2001)) (citation omitted).

In Count II of the Complaint, Plaintiff alleges Defendant's representations and omissions breached the covenant of good faith and fair dealing implied in "the contracts" between the parties. (Compl. ¶¶ 32-36.) However, dismissal of Plaintiff's implied covenant claim is appropriate for the same reasons this Court initially dismissed this claim. *See Riachi*, 2016 WL 6246766, at *3. Specifically, Plaintiff still fails to adequately allege that Defendant acted with bad faith or motive. In addition, because of the limited information Plaintiff provides as to the terms of the contract(s)

4

between the parties, it is impossible for this Court to reasonably infer that Defendant's conduct denied Plaintiff a benefit intended by the parties to such contract(s). As a result, the Complaint fails to allege a plausible claim for breach of the implied covenant of good faith and fair dealing.

    D. Counts III, IV, and V

In Counts III, IV, and V of the Complaint, respectively, Plaintiff alleges Defendant is liable for its misrepresentations under the New Jersey Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1, *et seq.*, and under theories of fraud and negligent misrepresentation. (Compl. ¶¶ 37-59.) As this Court explained in its initial Opinion, these claims must satisfy the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Riachi*, 2016 WL 6246766, at *3-5. Although Plaintiff appears to have made an effort to conform its Complaint to this standard by providing additional information as to what misrepresentations were allegedly made, (*see* Compl. ¶¶ 18-19), the Complaint still fails to plead with specificity who made each of the representations, when the representations were made, and how each of the representations were made. *See In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (holding that Rule 9(b) "requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990))). Accordingly, Counts III, IV, and V are dismissed.

    E. Count VI- Negligence

In Count VI of the Complaint, Plaintiff alleges Defendant is liable under a theory of negligence as a result of the "negligent and reckless advice" Defendant provided to Plaintiff. (Compl. ¶¶ 60-67.) In seeking dismissal of this claim, Defendant argues that Count VI is barred by the economic loss doctrine. In response, Plaintiff contends, without citation to any authority, that "[u]nder theories of alternative pleading, Plaintiff may assert his claims for negligence without

regard to the economic loss doctrine." (Pl.'s Br. Opp. at 18.) However, under the economic loss doctrine, Courts in this District regularly dismiss negligence claims which are based on purely economic losses (i.e., not physical injury to person or property). *See, e.g.*, *Rao v. Anderson Ludgate Consulting, LLC*, No. CV153126SRCCLW, 2016 WL 3647998, at *2 (D.N.J. July 7, 2016) (dismissing a negligence claim under the economic loss doctrine). As in those cases, Plaintiff's negligence claim here is based on the purely economic loss he allegedly suffered as the result of Defendant's misrepresentations. Count VI must, therefore, be dismissed pursuant to the economic loss doctrine.

  F. <u>Count VII- Unjust Enrichment</u>

In Count VII of the Complaint, Plaintiff alleges Defendant is liable under a theory of unjust enrichment because "[i]n performing under the Agreement with Prometheus, Prometheus received the benefits of Dr. Riachi's payment but did not reciprocally benefit Dr. Riachi." (Compl. ¶ 69.) "To establish unjust enrichment, a plaintiff must show both that defendant received a benefit and that retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994). However, a claim for unjust enrichment, "cannot be maintained where a valid contract fully defines the parties' respective rights and obligations." *Jones v. Marin*, No. CIV. 07-0738, 2009 WL 2595619, at *6 (D.N.J. Aug. 20, 2009) (first citing *St. Matthew's Baptist Church v. Wachovia Bank Nat'l Assoc.*, No. 04–4540, 2005 WL 1199045, *7 (D.N.J. May 18, 2005); then citing *Winslow v. Corporate Express, Inc.*, 834 A.2d 1037 (N.J. Super. Ct. App. Div. 2003)); *Van Orman v. Am. Ins. Co.*, 680 F.2d 301, 310 (3d Cir. 1982) (holding that "recovery under unjust enrichment may not be had when a valid, unrescinded contract governs the rights of the parties").

Although Plaintiff contends that Count VII is pled in the alternative, the Complaint plainly states that Count VII is, in fact, based on the existence of "the Agreement" between the parties. (Compl. ¶ 69.) Dismissal of Count VII is therefore appropriate.

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Specifically, the Motion is Granted as to Counts II through VII and Denied as to Count I. An appropriate order follows.

        s/ *Susan D. Wigenton*
        **SUSAN D. WIGENTON**
        **UNITED STATES DISTRICT JUDGE**

Orig:        Clerk
cc:         Leda D. Wettre, U.S.M.J.
            Parties