UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

April 5, 2018

Ronald T. Nagle
52 South Street
Morristown, NJ 07960
*Attorney for Plaintiff*

Michael J. Lauricella, Esq.
Archer & Greiner, P.C.
21 Main Street
Hackensack, NJ 07601
*Attorney for Defendant*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

    Re:    **Riachi v. The Prometheus Group**
            **Civil Action No. 17-00811 (SDW) (LDW)**

Counsel:

Before this Court is Defendant First Choice For Continence, Inc.'s ("First Choice" or "Defendant") Motion to Dismiss Plaintiff Labib Riachi's ("Riachi" or "Plaintiff") Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Dkt. No. 38.) Because this is the third time this Court has ruled on motions involving Plaintiff's claims, this Court assumes the parties are familiar with the factual issues in this matter and references only those facts relevant to the current motion.[1]

---

[1] On October 25, 2016, this Court issued an Opinion dismissing nearly identical claims Plaintiff brought against First Choice and co-defendant The Prometheus Group ("Prometheus") in another case. *See Riachi v. Prometheus Grp.*, Civ. No. 16- 2749-SDW-LDW, 2016 WL 6246766 (D.N.J. Oct. 25, 2016). Four months later, Plaintiff filed the instant suit raising the same claims, but only against Prometheus. (Dkt. No. 1.) Prometheus moved to dismiss the Complaint on March 26, 2017, and this Court granted the motion in part on June 6, 2017. (Dkt. Nos. 7, 16, 17.) Plaintiff amended his complaint to add First Choice on October 27, 2017. (Dkt. Nos. 30, 31, 33.)

As he has previously, Plaintiff contends that Defendant is liable under the following theories: common-law fraud ("Count II"),[2] negligent misrepresentation ("Count III"), and negligence ("Count IV"). Defendant filed the instant Motion to Dismiss on January 25, 2018. (Dkt. No. 38.) Plaintiff filed his opposition on February 19, 2018, and Defendant replied on February 26, 2018. (Dkt. Nos. 43, 44.) For the reasons stated herein, Defendant's Motion to Dismiss is **GRANTED**.

## DISCUSSION

A. <u>Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)</u>

The adequacy of pleadings is governed by Fed. R. Civ. P. 8(a)(2), which requires that a complaint allege "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.

---

[2] Count One, for breach of contract, is brought only against Prometheus.

2

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

B. <u>Counts II, III – Common Law Fraud and Negligent Misrepresentation</u>

In Counts II and III of the Amended Complaint, Plaintiff alleges Defendant is liable for making fraudulent and negligent misrepresentations. (Am. Compl. ¶¶ 33-47.) As this Court has explained before, these claims must satisfy the heightened pleading standard of Rule 9(b). *See Riachi*, 2016 WL 6246766, at *3-5; Dkt. No. 16 at 5. Although Plaintiff appears to have made an effort to conform his Amended Complaint to this standard by providing additional information as to the alleged misrepresentations, clarifying that the statements were made between February 2005 through April, 2012 and including the names of four people he claims made the statements, (*see* Am. Compl. ¶¶ 36, 37, 43, 44), Plaintiff still fails to plead with specificity who made each of the representations, when exactly the representations were made, and how each of the representations were made. *See In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (holding that Rule 9(b) "requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990))). Sweeping generalizations about alleged misrepresentations made by a group of people over a seven-year period without greater detail is insufficient to satisfy Rule 9(b). Accordingly, Counts II and III are dismissed.

C. Count IV- Negligence

In Count IV of the Amended Complaint, Plaintiff alleges Defendant is liable for giving "negligent and reckless advice." (Am. Compl. ¶¶ 48-55.) Plaintiff, however, has failed to sufficiently plead the elements of a negligence claim under New Jersey law, which requires that: 1) defendant owed Plaintiff a duty of care, 2) defendant knowingly breached that duty, 3) actual and proximate causation, and 4) damages. *See Fernandes v. DAR Dev. Corp.*, 222 N.J. 390, 404 (2015); *Riachi*, 2016 WL 6246766 at *6. Although Plaintiff generally alleges that "[a]s professionals[,] First Choice had an absolute duty of [c]are to Dr. Riachi to give him proper and correct advice and training," (Dkt. No. 33 ¶ 54), he nowhere pleads facts that establish the basis for that duty. Rather, Plaintiff pleads only that Prometheus "engaged First Choice to provide training and advice to Plaintiff" and that First Choice, as "professionals with exclusive knowledge on how to train, use and bill procedures" owed Plaintiff a duty. (Am. Compl. ¶¶ 11, 49.) Absent something more, Plaintiff has failed to provide sufficient factual details for this Court to reasonably infer that First Choice owed Plaintiff a duty of care. *See Kernan v. One Wash. Park Urban Renewal Assoc.*, 713 A.2d 411, 415 (N.J. 1998) ("To recover under a negligence theory, it is paramount that a defendant first owe the plaintiff a duty.") Even if such a duty existed, Plaintiff has pled not a single fact that supports a finding that First Choice knowingly breached that duty. Merely repeating the statement that First Choice provided "false and fraudulent advice," (Am. Compl. ¶¶ 12, 36, 37, 39, 43, 44, 51, 52), does nothing to show that First Choice knew that its statements were false. Having failed to sufficiently plead the necessary elements of negligence, Count IV must be dismissed.[3]

---

[3] Even if Count IV were not dismissed on this basis, Plaintiff's claim is arguably barred by the economic loss doctrine. Courts in this District regularly dismiss negligence claims which are based on purely economic losses (*i.e.*, not physical injury to person or property). *See, e.g.*, *Rao v. Anderson Ludgate Consulting, LLC*, Civ. No. 153126-SRC-CLW, 2016 WL 3647998, at *2 (D.N.J. July 7, 2016). The doctrine applies for tort actions between parties to

**CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED**. An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
           Parties

---

a contract, and as Plaintiff alleges it had a contract with Prometheus, which then "engaged First Choice to provide training and advice to Plaintiff," (Am. Comp. ¶ 11), all of Plaintiff's alleged harm flows from contractual obligations. Consequently, the economic loss doctrine precludes Plaintiff's negligence claim.