NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

July 2, 2018

Ronald T. Nagle, Esq.
52 South Street
Morristown, NJ 07960
*Attorney for Plaintiff*

Susan C. Cassell, Esq.
Law Office of Susan Cassell
419 Lucille Court
Ridgewood, NJ 07450
*Attorney for Defendant The Prometheus Group*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

> Re:   **Riachi v. The Prometheus Group**
>       **Civil Action No. 17-811 (SDW) (LDW)**

Counsel:

Before this Court is Defendant The Prometheus Group's ("Prometheus" or "Defendant") Motion for Summary Judgment on Plaintiff Labib Riachi's ("Riachi" or "Plaintiff") Amended Complaint. Because this is the fourth time this Court has ruled on motions involving Plaintiff's claims, this Court assumes the parties are familiar with the factual issues in this matter and references only those facts relevant to the current motion.[1]

At this time, only Count One, which raises a single breach of contract claim, remains against Prometheus. Prometheus filed the instant Motion for Summary Judgment on April 8, 2019. (D.E. 70.) Plaintiff filed his opposition on May 17, 2019, and Defendant replied on June 10, 2019.

---

[1] On October 25, 2016, this Court issued an Opinion dismissing claims Plaintiff brought against Defendant First Choice For Continence, Inc. ("First Choice") and Prometheus in another, nearly identical, case. *See Riachi v. Prometheus Grp.*, Civ. No. 16-2749, 2016 WL 6246766 (D.N.J. Oct. 25, 2016). Four months later, Plaintiff filed the instant suit raising the same claims, but only against Prometheus. (D.E. 1.) Prometheus moved to dismiss the Complaint on March 26, 2017, and this Court granted the motion in part on June 6, 2017. (D.E. 7, 16, 17.) Plaintiff amended his complaint to add First Choice on October 27, 2017. (D.E. 30, 31, 33.) On January 25, 2018, First Choice moved to dismiss the Amended Complaint. (D.E. 38.) On April 5, 2018, this Court granted First Choice's motion and terminated First Choice as a party to this action. (D.E. 45, 46.)

(D.E. 73, 74.)  For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED**.

## DISCUSSION

    A.  Standard of Review

       Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact "might affect the outcome of the suit under the governing law."  *Id.* at 248.  A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

       The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings.  *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001).  If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law.  *Celotex Corp.*, 477 U.S. at 322-23.  In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249.

    B.  Defendant is Entitled to Summary Judgment as Plaintiff's Claim is Time-Barred.

       Plaintiff's claim for breach of contract arises from his agreement to purchase pelvic floor therapy ("PFT") equipment from Prometheus for use at his medical practice.  (D.E. 70-3 ¶¶ 3-4.)  Plaintiff purchased the equipment between January 27, 2005 and November 30, 2009.  (*Id.* ¶¶ 24-31.)[2]  The transactions were for the purchase of PFT equipment and for "billing and clinical training services to be provided" by a third party.[3]  (*Id.* ¶¶ 24-37.)

       Because the agreement at issue concerns both the sale of goods – the PFT equipment – and a service – training as to billing and use of the equipment – it is a mixed contract for goods and

---

[2] After this date, Plaintiff did not buy another PFT machine, but continued to purchase "small amounts of PFT-related consumables" such as "electrodes, sensors, and software" until August 2012.  (D.E. 70-3 ¶¶ 28, 39.)

[3] Any training was available for a six-month window.  (*See* D.E. 70-3 ¶¶ 32, 37.)

services.  "When a contract is a mixed contract for goods and services, a court must determine whether the sales or services aspect predominates." *Am. Seating Co. v. Archer Plastics, Inc.*, Civ. No. 11-53, 2012 WL 2937338, at *4 n.2 (D.N.J. July 18, 2012) (citing *Custom Commc'n Eng'g, Inc. v. E.F. Johnson Co.*, 636 A.2d 80, 83 (N.J. Super. Ct. App. Div. 1993)); *see also Advent Sys. v. Unisys Corp.*, 925 F.2d 670, 672 (3d Cir. 1991).  Here, the core purpose of the contract was to purchase PFT equipment.  For each PFT purchase of $11,000.00, Plaintiff purchased only $3,500.00 in ancillary training services. (D.E. 70-3 ¶¶ 24-29.)  Those services were also provided by a third party and not Defendant.  Therefore, the "sales aspect predominates" and Article 2 of the Uniform Commercial Code ("UCC"), including its four-year statute of limitations, applies. *Am. Seating Co.*, 2012 WL 2937338 at *4 n.2; *see also* N.J.S.A. §§ 12A:2-102, 725(1).  Plaintiff's last purchase of PFT equipment was on November 30, 2009. Therefore, Plaintiff's original suit, filed on May 16, 2016, as well as the instant suit filed on February 7, 2017 are barred by the UCC's four-year statute of limitations.[4]

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment is **GRANTED**.  An appropriate order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
           Parties

---

[4] Extending the November 30, 2009 date by six-months to reflect the provision of training services would not change the result because Plaintiff would have been required to file suit no later than May 30, 2014.